UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ROBERT ORTIZ,

                            Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR JEFFREY
MADDREY, POLICE OFFICER JOHN DOE, POLICE
OFFICER JANE DOE

                            Defendants.

------------------------------------------------------------------------x

**ANSWER**

07 CIV 7416 (PAC)

JURY TRIAL DEMANDED

        Defendants City of New York, Raymond Kelly and Jeffrey Maddrey, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff was arrested by New York City Police Department Police Officers on or about August 21, 2006.

3. Deny the allegations set forth in paragraph "3" of the complaint.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

- 2 -

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Jeffrey Maddrey is the commanding officer of the 73rd Precinct.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to proceed as stated therein.

12. Paragraph "12" of the complaint sets forth no averments of fact for which a response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a "Notice of Claim" was received by the New York City Comptroller's Office on or about September 19, 2006, and that no payment has been made by defendant City of New York.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, including all subparts therein.

18. In response to the allegations set forth in paragraph "18" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

44. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

45. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

47. Plaintiff may have failed to comply with GML §50(i) and GML §50(e).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

48. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

49. Plaintiff may have failed to comply with the conditions precedent to suit.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

50. At all times relevant to the acts alleged in the complaint, defendants acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendants are entitled to governmental immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

51. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE**, defendants City of New York, Raymond Kelly and Jeffrey Maddrey request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      October 29, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        *Attorney for Defendants*
                        100 Church Street, Room 3-199
                        New York, New York 10007
                        (212) 788-1106

By: _____
          CAROLINE CHEN (CC 5289)
          Assistant Corporation Counsel

To:    Nicole Bellina, Esq. (by ECF and by fax)
       Stoll, Glickman & Bellina, LLP
       *Attorneys for Plaintiff*
       71 Nevins Street
       Brooklyn, New York 11217

Index No. 07 CIV 7416 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT ORTIZ,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, DEPUTY INSPECTOR JEFFREY MADDREY, POLICE OFFICER JOHN DOE, POLICE OFFICER JANE DOE

                              Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-199*
*New York, New York 10007*

*Of Counsel: Caroline Chen*
*Tel: (212) 788-1106*
*NYCLIS No. 2007-027736*

Due and timely service is hereby admitted. New York, New York    , 2007 . . .

................................................................ Esq.

*Attorney for* .........................................................